THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN J. VALENCIA,

    Petitioner,

v.                                                                      No. 19-cv-0886 MV-SMV
                                                                             18-cr-0448 MV

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Petitioner Alvin Valencia's Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 (Motion) (CR Doc. 46). Petitioner is incarcerated and proceeding *pro se.* He asks the Court to vacate his federal sentence based on ineffective assistance and due process violations. Considering his allegations and the criminal record, Petitioner fails to show that his sentence violates federal law. The Court, however, will grant leave to file an amended motion before dismissing his habeas claims.

**BACKGROUND**

    In 2018, Petitioner pled guilty to one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(a), and 2254(2)(D). He signed a Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which specified that his sentence range would be between 180 months and 240 months. *See* CR Doc. 31 at 5. The Plea Agreement barred Petitioner from seeking a downward departure or variance below that range. *Id.* at 6. Petitioner also agreed to waive any collateral attack to his conviction or sentence under 28 U.S.C. § 2255, except on the issue of defense counsel's ineffective assistance. *Id.* at 8. The Presentence Investigation Report ("PSR") reflects that Petitioner's guideline range would have been 292 months

to 365 months, in the absence of the Plea Agreement.  *See* CR Doc. 33 at 14.

After issuance of the PSR, Attorney Devon Fooks (hereinafter, "Defense Counsel"), filed a sentencing memorandum.  *See* CR Doc. 39.  Defense Counsel sought the minimum sentence of 180 months based on *United States v. Booker*, 543 U.S. 220 (2005), and 18 U.S.C. § 3553.  *Id.* at 2.  The Court (Hon. Joe Billy McDade) accepted the Plea Agreement and sentenced Petitioner to 240 months, the high end of the range in the Plea Agreement.  *See* CR Doc. 45.  Judgment was entered on August 27, 2019.  *Id.*

The following month, on September 23, 2019, Petitioner filed the instant § 2255 Motion.  *See* CR Doc. 46.  He raises four habeas claims:

(Ground 1): Ineffective assistance of counsel;

(Ground 2): Due process violations based on the refusal to vary downward;

(Ground 3): Excessive sentencing; and

(Ground 4): Equal protection violations.

*Id.* at 4-5, 7-8.  Petitioner also seeks leave to proceed *in forma pauperis*, which is unnecessary because there is no filing fee in a 28 U.S.C. § 2255 habeas case.  The Motion is ready for initial review.

## DISCUSSION

The Motion is governed by Habeas Corpus Rule 4(b) and 28 U.S.C. § 2255.  Rule 4 requires the Court to *sua sponte* dismiss any § 2255 motion where it plainly appears from the arguments and "the record of prior proceedings that the moving party is not entitled to relief." Habeas Corpus Rule 4(b).  Section 2255 requires district courts to vacate a federal conviction or sentence if it violates "the Constitution or laws of the United States."  28 U.S.C. § 2255.

Petitioner argues that his convictions are invalid under the Sixth Amendment, the Due Process Clause, and the Equal Protection Clause. For the reasons below, the Court finds that Petitioner has not shown a constitutional violation.

**Ground 1: Ineffective Assistance of Counsel**

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. U.S. Const. amend VI. A successful ineffective assistance of counsel claim must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show that "[c]ounsel's performance was deficient" and contained "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 688. In other words, the representation must fall below an objective standard of reasonableness based on prevailing professional norms. *Id.* at 687–88. The Court is required to "eliminate the distorting effects of hindsight" and "indulge a strong presumption that counsel acted reasonably." *Welch v. Workman,* 639 F.3d at 980, 1012 (10th Cir. 2011) (quotations omitted).

The second prong of *Strickland* requires the petitioner to affirmatively prove that the deficient performance prejudiced the defense. *Battenfield v. Gibson,* 236 F.3d 1215, 1234 (10th Cir. 2001) (citing *Strickland,* 466 U.S. at 693-693). In the context of pleas, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). *See also Lafler v. Cooper,* 566 U.S. 156, 163 (2012) ("[A] defendant must show the outcome of the plea process would have been different with competent advice").

Here, Defense Counsel advised that the Plea Agreement was in Petitioner's best interest.

*See* CR Doc. 46 at 4. In the instant Motion, Petitioner states that he "concurs and does not wish to challenge the Plea Agreement." *Id.* Petitioner alleges that Defense Counsel was nevertheless ineffective because he: (1) failed to adequately negotiate the Plea Agreement; (2) stated that sentencing guidelines were advisory and not mandatory; and (3) promised to seek a downward variance under *Booker*, but failed to "argue or present any *Booker* variances." *Id.* These allegations are either controverted by the record or lack sufficient detail to warrant relief. Petitioner has not alleged that the plea was involuntary, nor has he indicated that he was unaware that the sentencing range would be between 180 and 240 months. The negotiated range is significantly lower than the guideline range of 292 months to 365 months. *Compare* CR Docs. 31 and 33. It is therefore unclear how Defense Counsel failed to properly negotiate the Plea Agreement.

The allegations also fail to show how counsel erred at sentencing. Defense Counsel is correct that the sentencing guidelines are advisory. Petitioner has not alleged that Defense Counsel promised a sentence below the range in the Plea Agreement (180 to 240 months). Moreover, the record controverts Petitioner's allegation that Defense Counsel failed to seek a downward variance under *Booker*. Defense Counsel timely filed a sentencing memorandum, in which he cites *Booker* and argues that the low end of the range (180 months) is sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553. *See* CR Doc. 39. Defense Counsel argued that such sentence is appropriate based on the nature of the offense, Petitioner's history and characteristics, the need for deterrence, public safety, and the seriousness of the crime. *Id.* Hearing minutes reflect that Defense Counsel again requested the 180-month penalty at sentencing. *See* CR Doc. 42 at 2. The Court (Hon. Joe Billy McDade) rejected Defense Counsel's arguments

4

and imposed a 240-month sentence, in accordance with the Plea Agreement.  *See* CR Doc. 45.  On this record, it is not clear what more Defense Counsel could have done to reduce the sentence.  Petitioner has not sufficiently alleged a claim for ineffective assistance of counsel, and Ground 1 is subject to dismissal.

**Grounds 2-4: Due Process and Equal Protection Arguments**

The crux of the remaining arguments is that Petitioner's sentence was unduly harsh.  In Ground 2, he argues that Judge McDade violated the Due Process Clause by declining to vary downward under *Booker*.  *See* CR Doc. 46 at 5.  Ground 3 alleges that Judge McDade abused his discretion by imposing an unduly harsh sentence, given various mitigating circumstances under *Booker*.  *Id.* at 7.  Petitioner also argues that Judge McDade's remark that he "hoped [Petitioner] would be redeemed" was a gross abuse of discretion.  *Id.*  As noted above, Petitioner agreed to a sentencing range of 180 to 240 months imprisonment, which is significantly lower than the guideline range, and he does not wish to challenge the plea.  *See* CR Doc. 46 at 4.  Judge McDade therefore did not violate the Due Process Clause or abuse his discretion by imposing a sentence within the agreed range, nor was his remark abusive.

Alternatively, even in the absence of a Plea Agreement, the Court generally cannot grant relief from an excessive sentence "unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law."  *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000).  Said differently, federal "review of a sentence ends once [the Habeas Court] determine[s] the sentence is within the limitation set by statute."  *Id.* (citing *Vasquez v. Cooper*, 862 F.2d 250, 255 (10th Cir. 1988)).  The statutory maximum for aggravated sex abuse is life imprisonment.  *See* 18 U.S.C. § 2241.  The Court therefore cannot grant relief on a claim for excessive sentencing.

Petitioner finally argues that his sentence violates the Equal Protection Clause.  *See* CR Doc. 46 at 8.  An equal protection violation occurs when the movant was "treated differently from others who were similarly situated to [him]," and there is evidence of discriminatory intent. *Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988).  Conclusory allegations regarding different treatment will not suffice.  The movant must allege specific facts showing how "similarly situated individual[s]" have "been given … different or more beneficial treatment."  *Straley v. Utah Bd. of Pardons,* 582 F.3d 1208, 1215 (10th Cir. 2009).  *See also Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1323 (10th Cir. 2010) ("vague and conclusory allegations, without any specific facts" regarding differential treatment are insufficient to show equal protection violation).  Ground 4 states that Petitioner is guaranteed equal protection under the law without providing additional facts.  *See* CR Doc. 46 at 8.  The Motion therefore fails to demonstrate how Petitioner's conviction or sentence violates equal protection principles.

**The Court Will Grant Leave to Amend**

The Habeas Corpus Rules do not specifically contemplate amendments when the petitioner fails to show that his conviction or sentence violates federal law.  In civil cases, however, *pro se* prisoners should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law."  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The Court will extend that rule here, to ensure that it considers all of Petitioner's habeas arguments before dismissing the Motion.  Petitioner may file an amended motion within sixty (60) days of entry of this Order.  Petitioner is reminded that the Plea Agreement, if voluntary, contains a waiver of all habeas claims except on the issue of ineffective assistance of counsel.  Although the Court

6

did not raise the plea waiver defense *sua sponte*, as the other claims failed on the merits, the United States may raise it if the amended motion survives screening. If Petitioner declines to file an amended § 2255 motion, or if the amendment also fails to survive initial review, the Court will dismiss this habeas action with prejudice.

**IT IS ORDERED** that Petitioner may file an amended § 2255 motion within sixty (60) days of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE