THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN J. VALENCIA,

    Petitioner,

v.                                                                                                                                            No. 19-cv-0886 MV-SMV
                                                                                                                                         18-cr-0448 MV

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Petitioner Alvin Valencia's failure to file an amended motion to vacate sentence under 28 U.S.C. § 2255. Petitioner filed the Original Motion (CR Doc. 46) within one year after he pled guilty to aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(a), and 2254(2)(D). He signed a Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which specified that his sentence range would be 180 to 240 months. *See* CR Doc. 31 at 5. The Plea Agreement prohibited Petitioner from seeking a downward departure or variance below that range. *Id.* at 6. Petitioner also agreed to waive any collateral attack to his conviction or sentence under 28 U.S.C. § 2255, except on the issue of defense counsel's ineffective assistance. *Id.* at 8. The Presentence Investigation Report ("PSR") reflects that Petitioner's guideline range would have been 292 months to 365 months, in the absence of the Plea Agreement. *See* CR Doc. 33 at 14. The Court (Hon. Joe Billy McDade) accepted the Plea Agreement and sentenced Petitioner to 240 months of imprisonment. *See* CR Doc. 45.

    In the Original Motion, Petitioner raised claims for ineffective assistance of counsel, due process violations based on the refusal to vary downward, excessive sentencing, and equal

protection violations. *See* CR Doc. 46 at 4-5, 7-8. On initial review, the Court determined that it plainly appears from the arguments and "the record of prior proceedings that [Petitioner] is not entitled to relief." Habeas Corpus Rule 4(b). The Court incorporates that ruling (CV Doc. 4) herein by reference. To summarize, the Court rejected Petitioner's conclusory allegation that Attorney Devon Fooks ("Defense Counsel") failed to adequately negotiate the plea. The Original Motion concedes that the Plea Agreement was in Petitioner's best interest and clarifies that he "does not wish to challenge the Plea Agreement." *See* CR Doc. 46 at 4. Petitioner also alleged that Counsel was ineffective for stating that the sentencing guidelines were advisory and mandatory. *Id.* That statement, however, is correct, and in any event, the Original Motion does not allege that Defense Counsel promised a sentence below the range in the Plea Agreement (180 to 240 months).

The record further controverts Petitioner's allegation that Defense Counsel failed to seek a downward variance under *United States v. Booker*, 543 U.S. 220 (2005). Defense Counsel timely filed a sentencing memorandum citing *Booker* and arguing that the low end of the range (180 months) is sufficient but not greater than necessary to comply with 18 U.S.C. § 3553. *See* CR Doc. 39. Hearing minutes reflect that Defense Counsel again requested the minimum penalty at sentencing. *See* CR Doc. 42 at 2. On this record, it is not clear what more Defense Counsel could have done to reduce the sentence. The Court concluded no relief is available on the ineffective assistance of counsel claims.

The Original Motion also alleged that Petitioner's sentence is unduly harsh, and that Judge McDade abused his discretion and violated the Equal Protection Clause by imposing the maximum sentence under the Plea Agreement (240 months). *See* CR Doc. 46 at 5-8. As noted above,

2

Petitioner agreed to a range of 180 to 240 months, which is significantly lower than the guideline range, and he does not wish to challenge the plea. *See* CR Doc. 46 at 4. The Original Motion also contained no allegations that "similarly situated individual[s]" have "been given … different or more beneficial treatment." *Straley v. Utah Bd. of Pardons,* 582 F.3d 1208, 1215 (10th Cir. 2009) (addressing equal protection violations). Accordingly, the Original Motion failed to demonstrate how Petitioner's sentence violates federal law.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court permitted Plaintiff to file an amended motion. *Reynoldson* ordinarily applies to civil rights actions, but the Court extended the rule to ensure that it considers all of Petitioner's habeas arguments before dismissing this § 2255 action. Petitioner was warned that if he fails to file an amended § 2255 motion, the Court will dismiss the Original Motion with prejudice. The deadline to file an amended motion was April 23, 2021. Petitioner did not comply, and the ruling was returned as undeliverable after he severed contact with the Court in violation of D.N.M. LR-Civ. 83.6. The Court therefore will dismiss the Original Motion with prejudice. The Court also will deny a certificate of appealability pursuant to Habeas Corpus Rule 11, as the ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate may only issue if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE